# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
|---|---|---|
| v. | : | DATE FILED: _____ |
| ROBERTITO FONTAN | : | VIOLATIONS:<br>18 U.S.C. § 1001 (making false statements - 3 counts) |
| | : | |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1. Defendant ROBERTITO FONTAN was a police officer with the Philadelphia Police Department.

2. Person #1, known to the grand jury and charged elsewhere, was a felon, convicted in or around 2004 in the Court of Common Pleas, Philadelphia County for drug trafficking and related offenses.

3. In or around 2003 and before Person #1 was convicted, defendant ROBERTITO FONTAN met Person #1 inside a courtroom in the Court of Common Pleas, Philadelphia County. Person #1 was in the courtroom for a matter related to her drug case. Defendant FONTAN was in the courtroom for an unrelated matter.

4. After learning why Person #1 was in the courtroom, defendant ROBERTITO FONTAN told Person #1 that he could help Person #1 with her drug case.

5. A short time after meeting Person #1, defendant ROBERTITO FONTAN introduced her to other law enforcement officers, suggesting to the officers that Person #1 could work as a confidential source of information.

6. A short time later, Person #1 began working as confidential source of information to law enforcement.

7. Several months after meeting Person #1, defendant ROBERTITO FONTAN became involved in a years-long, intimate relationship with Person #1. During the years of her intimate relationship with defendant FONTAN, Person #1 continued to work as a confidential source of information to law enforcement officers, and defendant FONTAN knew that Person #1 was working in that capacity during his relationship with Person #1.

8. During the years of his intimate relationship with Person #1, defendant ROBERTITO FONTAN gave Person #1 cash and gifts.

9. During the years of his intimate relationship with Person #1, defendant ROBERTITO FONTAN knew that Philadelphia Police Department policy prohibits police personnel from engaging in personal relationships with confidential sources of information that will jeopardize the objectivity of an investigation or the integrity of the Police Department. Defendant Fontan also knew that the policy prohibits police personnel from exchanging gifts or gratuities with confidential sources of information.

10. Person #1 had been in a long-term, intimate relationship with Person #2, known to the grand jury before she was involved in a long-term, intimate relationship with defendant ROBERTITO FONTAN. Person #1 and Person #2 shared parental responsibility for Person #1's adolescent child.

11. Person #1 maintained regular contact with Person #2 throughout the course of her intimate relationship with defendant ROBERTITO FONTAN.

12. Starting in approximately 2007, Person #2 was under investigation by the Drug Enforcement Administration ("DEA") for drug-trafficking. DEA agents and state law enforcement officers, including defendant ROBERTITO FONTAN, participated in the investigation of Person #2.

13. On numerous occasions between 2007 and 2008, Person #1 told Person #2 that she suspected that law enforcement, including defendant ROBERTITO FONTAN, was investigating Person #2's drug trafficking activities.

14. On or about August 8, 2008, agents of the Federal Bureau of Investigation ("FBI") began investigating a suspected leak of information in the DEA's investigation of Person #2. As part of the FBI's investigation, agents interviewed defendant ROBERTITO FONTAN and asked him about his relationship with Person #1.

15. On or about October 8, 2008, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ROBERTITO FONTAN,**

in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, when defendant ROBERTITO FONTAN told agents of the FBI that he had never been involved in an intimate relationship with Person #1.

In violation of Title 18, United States Code, Section 1001.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. In or around August 2008, defendant ROBERTITO FONTAN told Person #1 that Person #2 had been indicted.

3. On or about October 8, 2008, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ROBERTITO FONTAN,**

in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, when defendant ROBERTITO FONTAN told agents of the FBI that he did not tell Person #1 that Person #2 had been indicted.

In violation of Title 18, United States Code, Section 1001.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. In or about April 2006, defendant ROBERTITO FONTAN paid approximately $2,258.76 for his and Person #1's airfare from Philadelphia to Orlando, Florida, their hotel stay in Orlando, Florida, and activities at Disney World theme parks.

3. On or about October 8, 2008, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ROBERTITO FONTAN,**

in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, when defendant ROBERTITO FONTAN told agents of the FBI that he had never given money, gifts, or things of monetary value to Person #1.

In violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

5