IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-664 |
| ROBERTITO FONTAN | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States submits this trial memorandum to advise the Court of issues that may arise at trial.  The government requests the chance to provide additional written submissions to the Court in response to any defense submission, or if issues arise during the course of trial not addressed herein.

I.      Introduction

On December 11, 2012, a federal grand jury returned an indictment charging Robertito Fontan (the "defendant") with three counts of making a material false statement to a federal agency, in violation of 18 U.S.C. § 1001.  Trial is scheduled to begin Tuesday, January 21, 2014.

II.     Summary of the Case

In around 2003, the defendant, a Philadelphia Police Officer, met Elizabeth Sanchez in court.  She was there in connection with drug charges that she was facing.  The defendant a short time later introduced Sanchez to other law enforcement officers, so she could work as their confidential informant.

In 2004, the defendant and Sanchez began a long-term romantic relationship: for close to five years, they spoke on the telephone several times a day, saw one another regularly,

exchanged gifts, and vacationed together.  In 2007, the DEA began investigating Jose Sanchez ("Jose"), a drug dealer.  Jose and Sanchez have a teenage son together.

The defendant joined the DEA investigation of Jose as an undercover officer.  At one point in the investigation, the defendant—acting in his undercover capacity—tried to buy cocaine from Jose.  The defendant went to the agreed-upon location for the drug sale, but the police arrived instead of Jose.  The defendant never purchased drugs from Jose.

A federal grand jury indicted Jose on July 23, 2008.  On August 8, 2008, Jose met with federal officials pursuant to a proffer agreement.  Shortly after Jose's proffer, the FBI began investigating whether law enforcement information was leaked to him and, if so, how, by whom, and why.  Specifically, agents endeavored to learn what role, if any, the defendant played in relaying law enforcement information to Jose.

In connection with the leak investigation, FBI agents interviewed the defendant.  Among other questions, the agents asked him whether: (1) he had been involved in a romantic relationship with Sanchez; (2) he had told Elizabeth Sanchez that Jose had been indicted; and (3) he had given money, gifts, or things of monetary value to Sanchez.  The defendant said that he had never been involved in a romantic relationship with Sanchez, did not tell Sanchez that Jose had been indicted, and had never given money, gifts, or things of monetary value to her.  These statements were false.

III.    Elements

The elements of 18 U.S.C. § 1001 are: (1): the defendant made a false, fictitious, or fraudulent statement or representation to the government as detailed in Counts One, Two and Three of the indictment; (2) in making the false, fictitious, or fraudulent, statement, the defendant acted willfully, knowing that the statement was false; (3) the statement was made in a matter within the jurisdiction of the executive branch of the government of the United States, that is, in this case, the Federal Bureau of Investigation; and (4) the statement made by the defendant was material to the Federal Bureau of Investigation.

IV.     Stipulations, Evidence, and Issues

The government has proposed a stipulation under Federal Rule of Evidence 1006 to admit voluminous telephone records.  A copy of the proposed stipulation is attached as Exhibit A.  The government may call the following witnesses in its case-in-chief:

1.      Detective John Volz, Philadelphia County District Attorney's Office

2.      Lieutenant John McConnell, Philadelphia County District Attorney's Office

3.      Sergeant Joseph Chilutti, Philadelphia Police Department

4.      Special Agent Jacob McAdams, FBI

5.      Elizabeth Sanchez

6.      Laurene Taylor, Go Go Travel, Inc.

The government reserves the right to supplement this list as may be required.

The government anticipates that the defendant will testify at trial. In the event that he does and posits facts on the stand contrary to admissions that he made during his proffer statement, the government will move to admit his proffer statement. See United States v. Hardwick, 544 F.3d 565, 570 (3d Cir. 2008) (authorizing use of proffer admissions to rebut contradictory claims by defendant). The government also anticipates that the defendant will call character witnesses pursuant to Federal Rule of Evidence 405. The only "character trait" relevant here—and thus the only "character trait" admissible under Rule 405—is truthfulness. Any questions or testimony extraneous to the defendant's reputation for or the witness's opinion of[1] the defendant's character for truthfulness is objectionable, and respectfully should be precluded from trial.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney

        /s/
        NEUMAN LEVERETT
        Assistant United States Attorney

---

[1] Rule 405 provides in relevant part: "a person's . . . character trait . . . may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Inasmuch as it is "neces[sary] [to] keep separate the two different types of character evidence . . . permitted under Rule 405," the government requests that the defendant identify before trial which of its witnesses—if any—will offer reputation testimony and which—if any—will offer opinion testimony.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the government's Trial Memorandum has been served this date by facsimile and electronic filing upon:

      Jack McMahon, Esq.

      /s/
      Neuman Leverett
      Assistant United States Attorney

DATE: January 6, 2014

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :   CRIMINAL NO. 12-664 |
| ROBERTITO FONTAN | : |

## STIPULATION – VOLUMINOUS RECORDS

It is hereby stipulated by and between Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Richard P. Barret, Assistant United States Attorney and Section Chief, and Neuman Leverett, Assistant United States Attorney, defendant, Robertito Fontan, and his counsel, Jack McMahon, Esquire, that the following facts, there being no dispute as to the accuracy thereof, may be entered into the record of the trial of this case without further proof being offered by the government:

1. Between at least March and September 2008, Elizabeth Sanchez's mobile telephone number was (215) 280-4251;

2. Between at least March and September 2008, Robertito Fontan's mobile telephone number was (215) 768-5682; and

3. Government Exhibit \_\_\_\_ accurately summarizes voluminous records of Verizon Wireless, showing the number of calls and the total number of minutes of calls per month between mobile telephone numbers (215) 280-4251 and (215) 768-5682 during the time period of March to September 2008.


| | |
|---|---|
| ROBERTITO FONTAN<br>Defendant | RICHARD P. BARRETT<br>Assistant United States Attorney<br>Chief, Public Corruption Unit |
| JACK McMAHON, Esquire<br>Counsel for Defendant | NEUMAN LEVERETT<br>Assistant United States Attorney |

DATE: October 4, 2010