# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-664 |
| ROBERTITO FONTAN | : | |

## GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM

The United States submits this supplemental trial memorandum to advise the Court of issues that may arise at trial. The government requests the chance to provide additional written submissions to the Court in response to any defense submission, or if issues arise during the course of trial not addressed herein.

In addition to the witnesses that the government previously noticed that it may call, the government may call PPD Lieutenant Joseph Lapetina in its case-in-chief. The government requests the chance to supplement this list as may be required.

The government previously filed proposed jury instructions. The government supplants the substance of its previous GOVERNMENT REQUEST NO. 27 ("Material – Defined") with the following: "A statement or representation is material if it has a natural tendency to influence, or was capable of influencing the federal agents. The government is not required to prove that it actually relied on the statement or representation. *When a statement or representation is aimed at misdirecting federal agents and their investigation, even if it stands no chance of succeeding, it satisfies the materiality requirement*.[1]

---

[1] The italicized language was not in the government's original request. The new language derives from United States v. Moyer, 674 F.3d 192, 214 (3d Cir. 2012); 2 L. Sand, et al, Modern Federal Jury Instructions Criminal, Instruction 36 11 (2012) (unmodified).

An additional purpose of this supplement trial memorandum is to request the following rulings before trial:

1. The defendant is precluded from referencing or introducing evidence concerning his proffer statement;

2. If the Court permits the defendant to reference or introduce evidence concerning his proffer statement, then the government may introduce the entire proffer statement;

3. The defendant is precluded from making unsupported reference to his biographical history, work history, and family circumstances; and

4. The defendant is precluded from referencing or cross examining Elizabeth Sanchez about who she provided information about in 2003 and what sentence she received in her drug case.

The proffer statement. On October 5, 2008, the defendant told agents of the FBI that he did not have a sexual or intimate relationship with Elizabeth Sanchez. He also stated that he never gave her gifts or money. On October 14, 2008, the defendant met with the government pursuant to a proffer agreement. During the proffer, the defendant admitted that he had sex with Sanchez "between one and ten times," and stated that early on in their relationship he gave her money on one occasion.

The defendant may seek to reference or try to introduce evidence that he "cleaned up" some of the false statements that he made on October 5. Reference to or evidence of the proffer statement by the defendant is inadmissible hearsay. In United States v. Wright, 363 F.3d 237 (3d Cir. 2004), Lawrence Wright and Al Plant stole public funds entrusted to Plant because he was an elected official. At trial, Wright tried to admit statements that Plant made to his attorney before Plant died, establishing that "Plant had told [the attorney] that he carried large

2

sums of cash to make loans to friends." Id. at 245. Wright argued that the statements were admissible under Federal Rule of Evidence 807.

The trial court disagreed, concluding that circumstances surrounding "Plant's conversation with [his attorney] provide insufficient circumstantial guarantees of trustworthiness" to satisfy Rule 807. The court noted that Plant's statements "were not under oath," nor was there a penalty for him lying to his attorney." The court further noted: "Plant's statements were self-serving" and "made at a time when he knew he was under investigation and had a motive to not tell the truth." The Third Circuit expressly endorsed the trial court's reasoning in upholding the ruling to preclude the hearsay evidence. Wright, 363 F.3d at 245-46.

Here, as in Wright, the defendant's proffer statements provide insufficient guarantees of trustworthiness. The defendant's proffer statements were made in a conference room, not a court of law. Nor was there a penalty for the defendant lying to the government during the proffer, because he enjoyed the protection of the proffer agreement.

Additionally, similar to the precluded statements in Wright, the defendant's statements were "self-serving" and "made at a time when he knew he was under investigation and had a motive to not tell the truth." Id. The defendant's statements attempted to serve his interests by trying to "clean up" his prior false statements. Significantly, the defendant requested the proffer meeting after he knew that the FBI was investigating him in connection with a leak of law enforcement information. Respectfully, the Court should preclude the defendant from referencing or introducing evidence of the defendant's self-serving proffer statement.

In the event however that the Court permits the defendant to reference and/or admit evidence concerning the self-serving portions of the defendant's proffer statement, the government requests that the Court permit the government to introduce the rest of the statement.

3

See Federal Rule of Evidence 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part . . . which ought in fairness to be considered contemporaneously with it.").

Opening statement. The government requests that the Court preclude defense counsel from making reference to the defendant's biographical history, work history, and family circumstances in his opening statements to the jury unless defense counsel will present competent evidence to substantiate those statements. The government is seeking to prevent a situation in which defense counsel "testifies" about these factors in the opening address to the jury.

An opening statement must be kept within proper bounds, otherwise all manner of irrelevant and extraneous subjects could be stated to the jury and, in the absence of good faith, counsel could thus place before a jury much that he or she well knew could not later be introduced into evidence. See Hallinan v. United States, 182 F,2d 880, 885 (9th Cir. 1950), cert. denied, 341 U.S. 952 (1951).

Elizabeth Sanchez. The government expects to elicit from Elizabeth Sanchez, in part, the following: in 2003 she had been charged with a drug-trafficking offense, the defendant introduced her to law enforcement officers, and thereafter she worked as a confidential informant to officers in connection with a drug investigation. Sanchez testified before the grand jury more specifically that the information she provided as a confidential informant concerned a former paramour's (not Jose Sanchez) heroin trafficking operation, and that she was sentenced to probation. The facts that Sanchez's cooperation concerned a former paramour and that she was sentenced to probation should be excluded from the trial, because these facts are irrelevant.

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The only conceivably permissible reason why the defendant may seek to elicit who Sanchez provided information against in 2003 and what sentence she received would concern bias and/or credibility. Nothing about the details that it was a former paramour who Sanchez provided information against or that she was sentenced to probation illuminates issues of bias or credibility. The government therefore respectfully requests that the Court preclude reference or evidence concerning who Sanchez provided information against and what sentence she received.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

 /s/
NEUMAN LEVERETT
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the government's Trial Memorandum has been served this date by facsimile and electronic filing upon:

Jack McMahon, Esq.

                                         /s/
                                         Neuman Leverett
                                         Assistant United States Attorney

DATE: January 16, 2014